**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

**ALEKSANDR LAPTEV #A220-639-577**          **CASE NO.  1:26-CV-00600 SEC P**

**VERSUS**                                  **JUDGE ROBERT R. SUMMERHAYS**

**WARDEN WINN CORRECTIONAL CENTER,**   **MAGISTRATE JUDGE WHITEHURST**
**ET AL.**

## ORDER

Aleksandr Laptev filed a petition for writ of habeas corpus under 28 U.S.C. §2241 to challenge his continued detention by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE").[1] He has now filed an *ex parte* motion to change venue, seeking to have this action transferred to the Southern District of Mississippi.[2] After reviewing the petition, the motion, all matters of record, and the law, the Court GRANTS the motion and orders that this action be transferred.

On February 23, 2026, while incarcerated at Winn Correctional Center in Winnfield, Louisiana, Laptev tendered his petition for habeas corpus to the United States Postal Service (Priority Mail) for delivery to this Court.[3] Laptev alleges his prolonged detention violates his substantive and procedural due process rights.[4] He seeks immediate release from custody, or alternatively, an individualized bond hearing before a neutral decisionmaker.[5] Laptev has also filed a motion for a temporary restraining order on the same basis.[6] Laptev's petition was stamped

---

[1] ECF No. 1.
[2] ECF No. 7.
[3] ECF No. 1-4.
[4] ECF No. 1 at 6.
[5] *Id.* at 8.
[6] ECF No. 2.

"RECEIVED" by the Clerk of Court on February 26, 2026.[7] However, "on or about the 25th day of February 2026," Laptev was transferred by ICE to Adams County Correctional Center in Natchez, Mississippi.[8]

While ordinarily jurisdiction is not destroyed by the transfer of a habeas petitioner and an accompanying custodial change,[9] here it appears jurisdiction never attached in this Court. Rule 3 of the Federal Rules of Civil Procedure provides that "[a] civil action is commenced by filing a complaint with the court."[10] Rule 5, which defines "filing," provides that "[a] paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing. . . ."[11] Here, the petition was delivered to the clerk the day after Laptev's custody was transferred to Mississippi. Further, Rule 3 of the Rules Governing Section 2254 Cases, which the Court may apply to a habeas petition brought under Section 2241,[12] requires that the petition be accompanied by "the applicable filing fee" or "a motion for leave to proceed in forma pauperis."[13] Here, the filing fee was not received by the Court until March 6, 2026, and Laptev did not move to proceed in forma pauperis. For these reasons, the Court finds it is without jurisdiction over this matter.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought."[14] When this matter was filed, Laptev was physically confined at the Adams County Correctional Center in Natchez, Mississippi, within the Southern

---

[7] ECF No. 1-4.

[8] ECF No. 7 at 4.

[9] *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

[10] FED. R. CIV. P. 3.

[11] FED. R. CIV. P. 5(d)(2).

[12] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

[13] *See* Rule 3(a) of the Rules Governing Section 2254 Cases.

[14] 28 U.S.C. § 1406(a); *see also id.* at 1631; *Day v. Chandler*, 55 Fed.Appx. 716 (5th Cir. 2002) ("The Eastern District also properly transferred the petition to the Northern District. *See* 28 U.S.C. §§ 1406(a), 1631.").

District of Mississippi.[15] The Court finds it is in the interest of justice to transfer this habeas petition to the Southern District of Mississippi under 28 U.S.C. §§ 1406(a) and 1631. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court TRANSFER this matter to the Southern District of Mississippi.

THUS DONE in Chambers on this 13th day of March, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[15] *See* 28 U.S.C. § 104(b)(4).